CRUZ, PLAINTIFF AND APPELLANT, *v.* HEIRS OF JIMÉNEZ, DEFENDANTS AND APPELLEES (DELGADO ET AL., INTERVENORS AND APPELLANTS).

APPEAL from the District Court of Humacao in an Action for the Annulment of a Lease.—Motion for Extension of Time.

No. 2325.—Decided January 13, 1921.

APPEAL — JURISDICTION — EXTENSION OF TIME — STATEMENT OF CASE — TRANSCRIPT.—When the statement of the case is pending settlement in the district court the Supreme Court has no jurisdiction to grant the appellant an extension of time for filing the same in the Supreme Court in order to add it to the judgment roll which was prematurely filed in the Supreme Court.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the plaintiff-appellant.

*Messrs. F. González* and *L. Jiménez* for the defendant-appellees.

*Mr. A. Dones* for the intervenor-appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

A judgment was rendered by the District Court of Humacao on June 25, 1920, the judgment being notified to the parties on June 28. There is a notice of appeal before us dated July 9, 1920, but which was filed in the secretary's office on July 19, 1920. On July 22 the appellants came into the District Court of Humacao with a petition wherein they recited that they had appealed from the judgment in the case and that in accordance with Law No. 27 of November 27, 1917, and its amendment of June 26, 1919, they asked the court to extend the ten days to file the bill of exceptions and statement of the case for thirty days and that the transcript of the evidence which should form part of the statement of the case should be prepared by the stenographer within the time of the extension. The court granted the appellants the thirty days to present the bill of exceptions and statement of the case, but denied the motion with regard to the preparation of the stenographer's notes because the stenographer who took the notes had resigned his position and was absent in the United States. Similar proceedings were apparently taken by other appellants with similar action on the part of the court, but, be that as it may, the appellants, reciting their difficulties with respect to their preparation of a bill of exceptions and statement of the case and the difficulty or impossibility of getting into communication with the stenographer, made another motion to extend the time to make the whole time fifty days and the court acceded to their request on August 6 and granted a total extension of fifty days from the time of ten days originally allowed the appellants.

On September 22, 1920, a transcript was filed in this court, which, it is conceded, consisted only of the judgment roll and perhaps the motions in proceedings subsequent to it. On or about the same time, apparently, although we do not find it clearly stated in the record, the appellants filed

another motion for extension in the District Court of Humacao. An unverified, unconnected certificate of the clerk of the District Court of Humacao shows that there was some pending motion in the District Court of Humacao in this case and it was practically conceded at the hearing in this court that there was a motion pending to extend the time. Likewise, we understand that the motion for the fresh extension was filed within the fifty days conceded by the District Court of Humacao.

Along with the transcript in this case the appellants filed a motion to extend the time for filing the statement of the case and bill of exceptions in this court and Adolph G. Wolf, as Acting Chief Justice, extended the time for thirty days. A similar motion was made on November 26 and granted by the court. On December 11, 1920, the appellants filed another motion to extend the time, which motion was set for hearing and heard on December 20, 1920.

The appellees insist that this court ought not to permit an appellant to file his record piecemeal and that the whole record ought to have been presented at one time in this court. The appellees also insist that, having chosen to file the transcript in this court, the appellants have exhausted their rights with respect to the filing of the same. They point out that there was a pending motion in the District Court of Humacao and until there was a disposition of such motion the appellants were under no obligation to file the transcript, but we are inclined to believe that the appellants, as long as such a motion is pending to extend the time, have a right, if necessary, to file a fresh transcript and we surely have the authority to permit the filing of an addition to the record if we choose so to exercise our discretion.

The motion presented was not an application to reform or add to the record, as permitted by Rule 55 of this court. We are, therefore, of the opinion that this court was abso-

lutely without authority to make the extensions which were ordered by the Acting Chief Justice and the court; that as there was a motion for an extension of time pending in the District Court of Humacao and as that court had not refused to settle any bill of exceptions or statement of the case, or stenographer's notes, the said court was the only one vested with the authority to make such an extension; that the only method that the appellants would have under our rules is to ask for permission to add to the record or to correct it, and that this could only be done by presenting to this court the proposed record to be added.

We think the whole trouble comes from the transcript being filed too soon in this court, but, in any event, even if we have a discretion we do not feel disposed to exercise it until the corrected record is presented.

The orders of October 26, 1920, and November 26, 1920, must be annulled and the application for an extension of time must be denied.

*Motion overruled.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.